UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE J. PHELAN,

Appellant,

-against-

AMY MILO, as Administratrix of the Estate of Elizabeth Phelan,

Appellee.

**OPINION AND ORDER**

25-CV-07609 (PMH)

PHILIP M. HALPERN, United States District Judge:

George J. Phelan ("Appellant") appeals from the Order of the United States Bankruptcy Court for the Southern District of New York (Morris, B.J., ret.) ("Bankruptcy Court") dated August 21, 2025 (Doc. 8-4), which granted omnibus relief to Amy Milo, as Administratrix of the Estate of Elizabeth Phelan ("Appellee"), a secured creditor of Appellant. The decedent was the former spouse of Appellant. (Doc. 8-5 at 4). The Bankruptcy Court, in affording the relief requested: i) reopened Appellant's Chapter 13 case "for cause" pursuant to 11 U.S.C. § 350(b); ii) voided the April 28, 2025 sale of Appellant's homestead to "Mary Grega" for failure to comply with 11 U.S.C. § 363 and Rule 6004 of the Federal Rules of Bankruptcy Procedure; iii) ordered the Clerk of Rockland County, New York to void any public recording of such deed; iv) converted Appellant's reopened Chapter 13 case into a Chapter 7 case pursuant to 11 U.S.C. § 1307(c); and v) ordered the appointment of a Chapter 7 trustee to administer the assets of Appellant's estate (the "Bankruptcy Order"). (Doc. 8-4). A Notice of Appeal dated September 4, 2025 was filed in this Court on September 12, 2025. (Doc. 1).

Appellant filed his brief on December 12, 2025. (Doc. 8, "App. Br."). Appellee filed her brief on January 26, 2026 (Doc. 9, "Opp. Br."), and the appeal was fully submitted with the filing of Appellant's reply brief. (Doc. 11, "Reply").

For the reasons set forth below, the Bankruptcy Order is REVERSED and REMANDED for further proceedings not inconsistent with this Opinion and Order.[1]

## BACKGROUND

The facts recited herein are drawn from the record on appeal (*see* Docs. 3, 5; *see also* Docs. 8-1 through 8-15), including those on the Bankruptcy Court's docket that this Court independently reviewed. *See Morillo v. Wells Fargo Bank, N.A.*, No. 19-CV-08183, 2020 WL 2539068, at *1 n.2 (S.D.N.Y. May 19, 2020) ("The Court may take judicial notice of the bankruptcy docket, and documents on the docket not included in the Appellant's designation of the record on appeal, including hearing transcripts.").

Appellant filed a voluntary petition for relief under Chapter 13 of title 11 of the United States Bankruptcy Code on April 17, 2025. (Doc. 8-9). Appellant included within his Chapter 13 petition a single-family home located in Pearl River, New York (the "Property"), with a listed valuation of $750,000. (*Id.* at 11, 17). Appellant claimed a homestead exemption in the Property in the amount of $204,825.00. (*Id.* at 17). Additionally, Appellant listed Appellee, "Amy Milo, Administratrix," as having a claim secured by the Property, in the amount of $59,680.69. (*Id.* at 19). On April 28, 2025, with the Chapter 13 Petition still pending, Appellant transferred his interest in this single-family home to his sister, Mary Grega, for approximately $350,000. (Doc. 8-5 at 5). Appellant subsequently, on April 29, 2025, moved the Bankruptcy Court to voluntarily dismiss his Chapter 13 petition pursuant to 11 U.S.C. § 1307(b). (Doc. 8-10). There was no objection to

---

[1] Appellant also requests "oral argument pursuant to Fed. R. Bankr. P. 8019," "so that Appellant may respond to questions the United States District Court may possess after reading the briefs." (App. Br. at vi). The request is denied as unnecessary, as "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." *See* Fed. R. Bankr. P. 8019 (b)(3).

Appellant's request to voluntarily dismiss his petition, and the Bankruptcy Court granted Appellant's motion, dismissing his case on May 1, 2025. (Doc. 8-13).

On May 22, 2025, Appellee moved to reopen Appellant's Chapter 13 case pursuant to 11 U.S.C. § 350(b), alleging that Appellant's Chapter 13 case should be reopened for "cause." (Doc. 8-5). Specifically, Appellee argued that Appellant's "outrageous actions . . . [*i.e.*,] selling the Property that was still subject to the Secured Creditor's Judgment Lien," and violating Section 363 of the Bankruptcy Code by failing to obtain the "highest and best" value for his property, required reopening of the case, and voiding of the sale of the Property, among other requests. (Doc. 8-5). The Bankruptcy Court, after full briefing, held a hearing on August 20, 2025 and issued an oral ruling granting Appellee's motion. (Doc. 8-8). The Bankruptcy Court determined that Appellant "abused provisions of the Bankruptcy Code and the spirit and purpose of the Code," and that "[a]ll the actions of the [Appellant] were prejudicial and [the Property] was sold without notice to the Court or approval . . . in violation of the Bankruptcy Code spirit and law." (*Id.* at 9:22-23, 10:2-9). The Bankruptcy Order, memorializing the August 20, 2025 oral ruling, was issued on August 21, 2025, ordering, *inter alia*, that "[Appellant]'s Chapter 13 Case [be] reopened *nunc pro tunc* to May 8, 2025, 'for cause' pursuant to 11 U.S.C. § 350(b)." (Doc. 8-4).[2]

This appeal followed.

---

[2] Despite this ruling, the Court notes that the Bankruptcy Court, on the record during the August 20, 2025 hearing, acknowledged that a "case cannot be reopened unless it's closed pursuant to 350(a) after it's been administered," and "[t]herefore a dismissal case cannot be reopened under Section 350(b) unless it was closed and fully administrated." (Doc. 8-8 at 6:22-25). The Bankruptcy Court went on to state that "[t]he court has discretion after considering all the circumstances to reopen a case," and "[w]hile the court did not define other cause for purposes of reopening a case under Section 350(b), the decision to reopen is discretionary with the court," as a "[d]ebtor's bad faith in filing a Chapter 13 relief is considered cause to convert or dismiss the case." (*Id.* at 7:11-21, 8:5-7).

## STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from decisions of a bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides in pertinent part that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and,] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." This Court, in exercising its appellate jurisdiction, may:

> affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

28 U.S.C. § 2106; *see also In re Bernard L. Madoff Inv. Secs., LLC*, No. 15-CV-01151, 2016 WL 183492, at *8 n.14 (S.D.N.Y. Jan. 14, 2016) (explaining that, although Federal Rule of Bankruptcy Procedure 8013 was amended and language explaining that the Court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings" was removed, the authority remains because "logic compels" that result "with respect to the appellate powers of the District Court"), *aff'd*, 697 F. App'x 708 (2d Cir. 2017).[3]

"The Bankruptcy Court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*." *In re Markus*, 78 F.4th 554, 563 (2d Cir. 2023). The clear error standard permits the Court to set aside the Bankruptcy Court's factual findings only if the Court is "left with the definite and firm conviction that a mistake has been committed." *Sacerdote v. New York Univ.*, 9 F.4th 95, 119 (2d Cir. 2021) (citing *United States v. U.S. Gypsum*, 333 U.S. 364, 396 (1948)). "[C]lear error review mandates that [the Court] defer to the [Bankruptcy Court's] factual

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

findings, particularly those involving credibility determinations." *Id.* (citing *Phx. Glob. Ventures, LLC v. Phx. Hotel Assocs., Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005)). A *de novo* review on the other hand allows the Court "to decide the issue as if no decision had been previously rendered. No deference is given to the Bankruptcy Court's decision." *In re Reilly*, 245 B.R. 768, 772 (B.A.P. 2d Cir.), *aff'd*, 242 F.3d 367 (2d Cir. 2000). "When mixed questions of law and fact are raised on appeal, they are presumptively subject to de novo review." *In re Portaluppi*, No. 13-CV-00421, 2014 WL 2559403, at *2 (D. Conn. June 6, 2014), *aff'd*, 609 F. App'x 30 (2d Cir. 2015).

## ANALYSIS

Appellant argues that the Bankruptcy Court erred by: (1) improperly reopening Appellant's Chapter 13 case despite his voluntary dismissal under 11 U.S.C. § 1307(b), in "contravention of well settled [Second Circuit] law"; and (2) upon reopening Appellant's Chapter 13 case, improperly voiding the transfer of Appellant's homestead, improperly converting the Chapter 13 case to one under Chapter 7 of the Bankruptcy Code, and improperly instructing the United States Trustee to appoint a Chapter 7 Trustee to administer Appellant's assets.

### I. The Bankruptcy Court's Reopening of Appellant's Chapter 13 Case

Section 1307(b) of the Bankruptcy Code provides that "[o]n request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter," and "[a]ny waiver of the right to dismiss under this subsection is unenforceable." 11 U.S.C. § 1307(b). As construed by the Second Circuit, this provision provides debtors an "absolute right to dismiss a Chapter 13 petition . . . subject only to the limitation explicitly stated in [Section 1307(b)]." *Barbieri v. RAJ Acquisition Corp. (In re Barbieri)*, 199 F.3d 616, 619 (2d Cir. 1999). Separate and apart from Section 1307(b), 11 U.S.C. § 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the

trustee, the court shall close the case," and § 350(b) provides that a case "may be reopened in the court in which such case was *closed* to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350 *et seq.* (emphasis added).

Appellant exercised his "absolute right" to voluntarily dismiss his Chapter 13 petition, as there is no indication that any of the "limitations" expressly stated in Section 1307(b) (*i.e.*, conversion under section 706, 1112, or 1208) existed at the time of voluntary dismissal. *In re Barbieri*, 199 F.3d at 619; *see also In re Procel*, 467 B.R. 297, 305-08 (S.D.N.Y. 2012) (holding, *inter alia*, that the court was "bound by the holding in *Barbieri* that the right of voluntary dismissal under § 1307(b) is absolute"); *Endurance Am. Ins. Co. v. Burbridge*, No. 18-CV-00591, 2019 WL 1535369, at *4 (N.D.N.Y. Apr. 9, 2019) ("[T]he right of voluntary dismissal under § 1307(b) remains absolute[.]"). Despite Appellee's assertions otherwise, and as detailed further below, Appellant therefore properly sought dismissal relief and the Bankruptcy Court properly dismissed his Chapter 13 petition. The Bankruptcy Court's ruling reopening such petition constituted a departure from settled Second Circuit precedent and was error.

Neither party cites to *In re Armstrong*, 408 B.R. 559 (Bankr. E.D.N.Y. 2009), an Eastern District of New York case that held that the Supreme Court's decision in *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007) overruled *Barbieri's* "absolute right" under Section 1307(b). The Bankruptcy Court, did however, cite to *Armstrong* on the record during the hearing on Appellee's Section 350(b) motion, noting that "[w]hile a debtor has an absolute right to voluntar[ily] dismiss a Chapter 13 under 1307(b), courts agree that that right is not absolute where bad faith is established." (Doc. 8-8 at 7:18-21). This Court disagrees with the Bankruptcy Court's overgeneralization and finds persuasive the analyses of the district courts in *Procel*, 467 B.R. 297, and *Endurance*, 2019 WL 1535369, each of which analyzed and disagreed with the holding in

*Armstrong*. As Judge Karas opined in *Procel*, "[n]otwithstanding the *Armstrong* court's scholarly analysis of this issue, the Second Circuit has not overruled *Barbieri*, and thus it constitutes binding precedent that this Court must follow." 467 B.R. at 305; *see also Endurance*, 2019 WL 1535369, at *4. *Barbieri* remains good law, and this Court is thus bound by its holding.

Appellee also attempts to distinguish this "absolute right" to dismissal under *Barbieri*, relying primarily upon out of circuit decisions for this premise, and stating that *Barbieri* is "only applicable in the face of a motion to dismiss or convert," rather than a "motion to vacate and reinstate." (Opp. Br. at 6-8). This argument is unpersuasive, as *Barbieri* makes no such distinction. *See generally* 199 F.3d 614. Other compelling decisions by district courts in this Circuit have applied *Barbieri* to similar fact patterns as here. *See, e.g.*, *Endurance*, 2019 WL 1535369, at *1-4 (applying *Barbieri* and affirming the bankruptcy court's decision denying the creditor's motion brought pursuant to Rule 59(e)/60(b) to "reconsider or vacate" the debtor's Section 1307(b) voluntary dismissal order, as no "'bad faith' exception existed to a debtor's right to voluntarily dismiss his or her chapter 13 bankruptcy petition under § 1307(b)"); *see also In re Procel*, 467 B.R. at 305-08. Notably, in *Endurance*, the district court affirmed the bankruptcy court's decision that held that "[u]nless and until Congress amends § 1307(b) or *Barbieri* is reconsidered by the Second Circuit or overruled by the Supreme Court," the "Debtor's nefarious conduct cannot serve as the basis for reconsideration of the [Section 1307(b)] dismissal order under either Rule 59(e) or 60(b)." *In re Burbridge*, 585 B.R. 16, 22 (Bankr. N.D.N.Y. 2018) *aff'd sub nom.*, *Endurance*, 2019 WL 1535369. The district judge in *Endurance* further agreed with the bankruptcy judge's order, finding that the debtor's conduct was "outrageous," but nevertheless affirmed as "*Barbieri* remains an impenetrable roadblock that prevents the Court from finding a bad faith exception to § 1307(b), even after *Marrama*." *Endurance*, 2019 WL 1535369, at *4.

Additionally, the Bankruptcy Court reopened Appellant's Chapter 13 case "'for cause' pursuant to 11 U.S.C. § 350(b)," as explicitly stated in the Bankruptcy Order. (Doc. 8-4). This constituted error, as "[b]y its plain language, section 350(b) only applies to closed cases; it does not apply to cases that were dismissed." *See In re Locascio*, 481 B.R. 285, 289 (Bankr. S.D.N.Y. 2012); *see also In re Ruffalo*, 652 B.R. 583, 586 (Bankr. S.D.N.Y. 2023) ("a case can only be reopened [under Section 350(b)] if it was fully administered and closed under § 350(a)," as "[t]he dismissal of a bankruptcy case achieves a very different result from the closure of a case, so the two cannot be conflated").

Finally, Appellee, in an apparent attempt to sidestep the plain factual record, argues that in actuality, the Bankruptcy Court "found cause under Fed. Rule of Civ. Pro. 60(b) to vacate the Debtor's dismissal order," and "granted Appellee relief from judgment pursuant to 60(b)." (Opp. Br. at 4-5). There is no evidence in the record lending credence to this characterization of the Bankruptcy Court's ruling. The Bankruptcy Order granted a motion that explicitly sought "to reopen the . . . Debtor's Chapter 13 case *pursuant to §350 of the Bankruptcy Code*." (Doc. 8-5 (emphasis added)). The Bankruptcy Court did not cite to or rely upon Rule 60(b), or Federal Rule of Bankruptcy Procedure 9024 (which incorporates Rule 60) ("Rule 60/9024") in either the Bankruptcy Order (Doc. 8-4) or during the hearing associated therewith (Doc. 8-8). There is simply no basis to conclude that the Bankruptcy Court *sua sponte* and *sub silencio* granted a Rule 60/9024 motion.

Even if the Bankruptcy Court had construed Appellee's motion as one brought as a motion for relief from a dismissal order governed by Rule 60/9024, this Court would still be compelled to reverse. *See In re Gause*, No. 25-11864, 2026 WL 881210, at *2 (Bankr. S.D.N.Y. Mar. 31, 2026) ("a motion styled as one to 'reopen' a dismissed case is more properly construed as a motion for

relief from a dismissal order . . . governed by [FRCP Rule 60] made applicable by [FRBP 9024]"). Reopening Appellant's Chapter 13 petition, after it had been voluntarily dismissed, is error even if styled as a motion under Rule 60/9024, as *Barbieri* remains good law and binding upon this Court.

Appellant's ill-timed transfer of his homestead to his sister, which could after a proper hearing be considered a form of "bad faith," simply has no bearing on whether Appellant's voluntary dismissal should have been vacated, and his Chapter 13 petition reinstated. Accordingly, for all of the reasons detailed above, under *Barbieri* and consistent with Appellant's "absolute right" to voluntarily dismiss his Chapter 13 petition, the Bankruptcy Court's ruling reopening Appellant's petition (whether conducted pursuant to 11 U.S.C. § 350(b) or Rule 60/9024) must be reversed.[4]

## CONCLUSION

For the foregoing reasons, the Bankruptcy Order is REVERSED and REMANDED to the Bankruptcy Court for further proceedings, if necessary, consistent with this Opinion and Order.

The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated: White Plains, New York
September 21, 2026

PHILIP M. HALPERN
United States District Judge

[4] Because this Court reverses and vacates the Bankruptcy Court's order reopening Appellant's Chapter 13 case, each of the ensuing rulings are likewise reversed and vacated. This includes reversal and vacatur of the remaining portions of the Bankruptcy Order: i) the voiding of the April 28, 2025 sale of Appellant's homestead to "Mary Grega"; ii) directing the Clerk of Rockland County, New York to void any public recording of such deed; iii) converting Appellant's reopened Chapter 13 case into a Chapter 7 case pursuant to 11 U.S.C. § 1307(c); and iv) ordering the appointment of a Chapter 7 trustee to administer the assets of Appellant's estate. (*See* Doc. 8-4).